IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

**TAOFEEK QUADRI** §
§
**V.** § No. 5:14CV35
§
**JOHN M. MCHUGH, Secretary of Army** §

## MEMORANDUM ORDER ADOPTING
## REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the magistrate judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. Defendant filed a response to the objections. The Court has conducted a *de novo* review of the magistrate judge's findings and conclusions.

Taofeek Quadri ("Plaintiff"), proceeding *pro se*, filed this discrimination case against John M. McHugh, Secretary of the U.S. Department of the Army ("Defendant") under 42 U.S.C. § 2000e, *et seq.*, commonly referred to as Title VII of the Civil Rights Act of 1964 ("Title VII"). In his form complaint, Plaintiff alleged he was discriminated against on the basis of race, color, and national origin. Orig. Compl. at pg. 3. In the space on the form where the type of wrongful action is to be described, Plaintiff wrote "see attached." As noted by the magistrate judge, Plaintiff originally attached only the EEOC notice denying reconsideration of its decision denying relief to Plaintiff.[1]

---

[1] In that notice, it appears Plaintiff alleges that Defendant subjected him to discrimination when he was not allowed to sign in and out of the work unit on the same board that other employees within the organization used; instead, he had to do so on the sheet of paper on the wall. Plaintiff further alleges his supervisor harassed him by saying, "when you are leaving, you don't belong here,

In his response to Defendant's motion to dismiss, Plaintiff sought leave to amend his original complaint, and he attached a proposed amended complaint. The magistrate judge granted Plaintiff leave to amend and considered the allegations contained in his amended complaint.

In his first amended complaint considered by the magistrate judge, Plaintiff alleges he filed a formal complaint with the EEOC alleging discrimination on the "bases of race (African-American), national origin (Nigerian), and color (Black) when, on August 7, 2012, his supervisor would not allow him to sign in and out of the work unit on the same board that other employees within the organization used." (Dkt. No. 10). According to Plaintiff, he had to sign in and out on a sheet of paper that was on the wall. Plaintiff further alleges his supervisor harassed him by saying, "when are you leaving, you don't belong here, when are you leaving the depot." *Id.*

On December 16, 2014, the magistrate judge recommended Defendant's Motion to Dismiss for Failure to State a Claim be granted and Plaintiff's case be dismissed with prejudice. Regarding Plaintiff's race discrimination claim, the magistrate judge found Plaintiff failed to allege any adverse employment action related to his claim; he also failed to allege facts that would support a disparate treatment claim in general. The magistrate judge also found Plaintiff had failed to allege a hostile work environment claim. Specifically, the magistrate judge stated no reasonable person could find the requirement to sign in and out on a separate board, or an isolated comment by a supervisor about him leaving and not belonging at the depot, to be harassing.

Plaintiff filed objections to the magistrate judge's Report and Recommendation. In his objections, Plaintiff provides background information about his military career and states he has

---

when are you leaving the depot." Orig. Compl., Exh. 1.

suffered continuous retaliation and harassment for disclosing alleged mismanagement at the Red River Army Depot ("RRAD"). Plaintiff objects to some statements in the Report and Recommendation, specifically with the magistrate judge's characterization of his case as "simple workplace annoyance." Objections at pg. 4. According to Plaintiff, he spent a reasonable amount of time preparing documents for this lawsuit. He also discusses the standards of proof in discrimination cases for pretext findings as well as the general burden-shifting standard for Title VII cases.

Plaintiff also seeks leave to replead for a second time. He attached a proposed second amended complaint and other attachments to his objections, wherein he more specifically alleges he was discriminated and retaliated against in every possible way, including sabotaging his security clearance because of his race and for having complained about such discrimination in 2011. According to Plaintiff's proposed second amended complaint, he was also harassed over a couple of weeks, when one director stated to Plaintiff that he does not belong on the RRAD and another one asked when Plaintiff is leaving the depot.

Not only do the objections fail to address the specific issues raised in the Report and Recommendation, but the Court also agrees with the magistrate judge that Plaintiff fails to allege facts about an event or action that would constitute an adverse employment decision and to allege facts that, even if true, would constitute a hostile work environment. Even if the Court were to allow Plaintiff to replead for a second time and consider Plaintiff's proposed second amended complaint (attached to his objections), the Court agrees with Defendant that the second amended complaint does not cure the deficiencies of the first amended complaint.

Plaintiff's proposed second amended complaint refers to his alleged whistleblowing in 2011

3

and the subsequent revocation of his security clearance; it further provides general statements, similar to those raised in the original complaint, that he suffered discrimination and harassment when his supervisors stated he did not belong at the RRAD. The magistrate judge properly found those isolated statements are not sufficiently severe or pervasive to alter the conditions of his employment and create an abusive atmosphere.

According to Defendant, claims premised on a denial or revocation of a security clearance are nonjusticiable. *See Perez v. F.B.I.*, 71 F.3d 513, 514-15 (5th Cir. 1995)(per curiam)("Because the court would have to examine the legitimacy and the possibly pretextual nature of the FBI's proffered reasons for revoking the employee's security clearance, any Title VII challenge to the revocation would of necessity require some judicial scrutiny of the merits of the revocation decision. As the Supreme Court and several circuit courts have held that such scrutiny is an impermissible intrusion by the Judicial Branch into the authority of the Executive Branch over matters of national security, neither we nor the district court have jurisdiction to consider those matters."). Therefore, even if the Court considers Plaintiff's second amendment which alleges the revocation of his security clearance (an issue also raised in Plaintiff's separate Cause No. 5:14cv1), the Court would find it lacks subject matter jurisdiction over this Title VII retaliation claim.

Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 9) is **GRANTED.** It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE.**

It is SO ORDERED.

SIGNED this 6th day of January, 2015.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE